## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPH CALDWELL,

       Plaintiff,

vs.                               Case No. 1:20-cv-00003-JB-JFR

UNIVERSITY OF NEW MEXICO BOARD OF REGENTS,
NASHA TORREZ,
EDDIE NUNEZ,
LOBO DEVELOPMENT CORPORATION, and
ACC OP (UNM SOUTH) LLC,

       Defendants.

### LOBO DEVELOPMENT CORPORATION'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendant Lobo Development Corporation ("LDC"), by and through its counsel of record, for its Answer to Plaintiffs' First Amended Complaint states as follows:

With regard to the allegations contained in the "INTRODUCTION" portion of the First Amended Complaint, LDC denies the allegations of legal wrongdoing by "the University" to the extent "the University" is intended to include LDC.  LDC affirmatively states that it had no involvement in the events that form the subject of Plaintiff's First Amended Complaint and denies any wrongdoing on its part.  LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the "INTRODUCTION" portion of the First Amended Complaint and therefore denies the same.

1.      With regard to the allegations contained in Paragraph 1 of the First Amended Complaint, LDC admits that Plaintiff purports to assert causes of action under 42 U.S.C. § 1983 (for alleged violations of the Fourteenth Amendment to the United States Constitution), but denies that Plaintiff has adequately pleaded such a claim.  LDC admits that the Court has

jurisdiction under 28 U.S.C. §§ 1331.  LDC states that 28 U.S.C. § 1343(3) does not exist and, as such, denies that § 1343(3) confers jurisdiction upon this Court.

2.      With regard to the allegations contained in Paragraph 2 of the First Amended Complaint, LDC admits that venue is proper.

3.      With regard to the allegations contained in Paragraph 3 of the First Amended Complaint, LDC admits only that Fed. R. Civ. P. 65 governs injunctions and restraining orders. LDC denies that Plaintiff is entitled to any such relief in this case as to LDC.

4.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 4 of the First Amended Complaint.

5.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 6 of the First Amended Complaint, which is not directed at LDC.

6.      With regard to the allegations contained in Paragraph 6 of the First Amended Complaint, LDC: admits that it is a New Mexico nonprofit research park corporation created by The Regents of the University of New Mexico under the New Mexico University Research Park and Economic Development Act ("URPEDA") and the New Mexico Nonprofit Corporation Act; admits that, as a 501(c)(3) organization for federal income tax purposes, it is organized for charitable and educational purposes; denies that it has an "owner" given that it is a nonprofit corporation; admits that the sole member of the nonprofit corporation under the New Mexico Nonprofit Corporation Act is the UNM Regents; admits that LDC is managed by a Board of Directors consisting of 11 individuals, one of whom is currently UNM President, Garnett S. Stokes, Ph.D.; denies that LDC manages or rents out properties at Lobo Village; states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations

about where Plaintiff resides; and LDC is without sufficient knowledge or information to form a belief as to the allegation, vague as it is, that its net revenues "are all absorbed by Defendant UNM."

7.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 7 of the First Amended Complaint, which is not directed at LDC.

8.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 8 of the First Amended Complaint, which is not directed at LDC.

9.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 9 of the First Amended Complaint, which is not directed at LDC.

10.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 10 of the First Amended Complaint as it pertains to defendants other than LDC.  Paragraph 10 of the First Amended Complaint is denied as to LDC, because LDC took no action in connection with and had no involvement in the events that form the subject of Plaintiff's First Amended Complaint.

11.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 11 of the First Amended Complaint.

12.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 12 of the First Amended Complaint.

13.      LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 13 of the First Amended Complaint.

14.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 14 of the First Amended Complaint.

15.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 15 of the First Amended Complaint.

16.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 16 of the First Amended Complaint.

17.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 17 of the First Amended Complaint.

18.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 18 of the First Amended Complaint.

19.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 19 of the First Amended Complaint.

20.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 20 of the First Amended Complaint.

21.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 21 of the First Amended Complaint.

22.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 22 of the First Amended Complaint.

23.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 23 of the First Amended Complaint.

24.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 24 of the First Amended Complaint.

25.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 25 of the First Amended Complaint regarding Plaintiff's alleged receipt of an eviction notice, but denies that LDC issued any such notice.

26.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 26 of the First Amended Complaint, but denies that LDC issued any such notice.

27.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 27 of the First Amended Complaint.

28.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 28 of the First Amended Complaint.

29.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 29 of the First Amended Complaint.

30.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 30 of the First Amended Complaint.

31.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 31 of the First Amended Complaint.

32.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 32 of the First Amended Complaint.

33.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 33 of the First Amended Complaint, but denies that LDC was in any way involved in the actions detailed in Paragraph 33.

34.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 34 of the First Amended Complaint, but denies that LDC was in any way involved in the actions detailed in Paragraph 34.

35.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 35 of the First Amended Complaint.

36.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 36 of the First Amended Complaint.

37.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 37 of the First Amended Complaint.

38.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 38 of the First Amended Complaint.

39.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 39 of the First Amended Complaint.

40.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 40 of the First Amended Complaint.

41.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 41 of the First Amended Complaint.

42.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 42 of the First Amended Complaint.

43.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 43 of the First Amended Complaint.

44.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 44 of the First Amended Complaint.

45.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 45 of the First Amended Complaint.

46.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 46 of the First Amended Complaint.

47.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 47 of the First Amended Complaint.

48.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 48 of the First Amended Complaint.

49.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 49 of the First Amended Complaint.

50.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 50 of the First Amended Complaint.

51.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 51 of the First Amended Complaint.

52.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 52 of the First Amended Complaint.

53.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 53 of the First Amended Complaint.

54.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 54 of the First Amended Complaint.

55.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 55 of the First Amended Complaint.

56.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 56 of the First Amended Complaint.

57.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 57 of the First Amended Complaint.

58.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 58 of the First Amended Complaint.

59.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 59 of the First Amended Complaint.

60.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 60 of the First Amended Complaint.

61.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 61 of the First Amended Complaint.

62.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 62 of the First Amended Complaint.

63.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 63 of the First Amended Complaint.

64.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 64 of the First Amended Complaint.

65.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 65 of the First Amended Complaint.

66.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 66 of the First Amended Complaint.

67.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 67 of the First Amended Complaint.

68.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 68 of the First Amended Complaint.

69.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 69 of the First Amended Complaint.

70.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 70 of the First Amended Complaint.

71.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 71 of the First Amended Complaint.

72.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 72 of the First Amended Complaint.

73.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 73 of the First Amended Complaint.

74.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 74 of the First Amended Complaint.

75.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 75 of the First Amended Complaint.

76.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 76 of the First Amended Complaint.

77.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 77 of the First Amended Complaint.

78.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 78 of the First Amended Complaint.

79.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 79 of the First Amended Complaint.

80.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 80 of the First Amended Complaint.

81.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 81 of the First Amended Complaint.

## COUNT I

82.     LDC incorporates and re-alleges its responses to Paragraphs 1–81 of the First Amended Complaint as if fully set forth herein.

83.     Paragraph 83 of the First Amended Complaint asserts conclusions of law and not factual allegations requiring a response by LDC.  To the extent a response is required, the allegations set forth in Paragraph 83 are denied.

84.     LDC denies the allegations contained Paragraph 84 of the First Amended Complaint to the extent they are directed at LDC.

85.     LDC denies the allegations contained Paragraph 85 of the First Amended Complaint to the extent they are directed at LDC.

86.     LDC denies the allegations contained Paragraph 86 of the First Amended Complaint to the extent they are directed at LDC.

87.     LDC denies the allegations contained Paragraph 87 of the First Amended Complaint to the extent they are directed at LDC.

88.     LDC denies the allegations contained Paragraph 88 of the First Amended Complaint to the extent they are directed at LDC.

89.     Paragraph 89 of the First Amended Complaint asserts conclusions of law and not factual allegations requiring a response by LDC.  To the extent a response is required, the allegations set forth in Paragraph 89 are denied.

90.     LDC denies the allegations contained Paragraph 90 of the First Amended Complaint to the extent they are directed at LDC.

91.     LDC denies the allegations contained Paragraph 91 of the First Amended Complaint to the extent they are directed at LDC.

92.     LDC denies the allegations contained Paragraph 92 of the First Amended Complaint to the extent they are directed at LDC.

93.     LDC denies the allegations contained Paragraph 93 of the First Amended Complaint to the extent they are directed at LDC.

## **COUNT II**

94.     LDC incorporates and re-alleges its responses to Paragraphs 1–93 of the First Amended Complaint as if fully set forth herein.

95.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 95 of the First Amended Complaint.

96.     LDC denies the allegations contained Paragraph 96 of the First Amended Complaint to the extent they are directed at LDC.

97.     LDC denies the allegations contained Paragraph 97 of the First Amended Complaint to the extent they are directed at LDC.

98.     LDC denies the allegations contained Paragraph 98 of the First Amended Complaint to the extent they are directed at LDC.

99.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 99 of the First Amended Complaint.

100.     LDC denies the allegations contained Paragraph 100 of the First Amended Complaint to the extent they are directed at LDC.

101.     LDC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 101 of the First Amended Complaint.

102.     LDC denies the allegations contained Paragraph 102 of the First Amended Complaint to the extent they are directed at LDC.

## DEFENSES

1.     LDC denies each and every allegation of the First Amended Complaint not expressly admitted above.

2.     The First Amended Complaint fails to state a claim against it upon which relief can be granted.

3.     Plaintiff's claims are barred/waived to the extent he failed to exhaust administrative remedies prior to bringing his claim.

4.     Plaintiff's claims are moot, in whole or in part, because, upon information and belief, the emergency campus ban from the UNM campus complained of in his First Amended Complaint has been lifted.

5.     To the extent that Plaintiff has suffered any damages, which is denied, such damages may be denied or reduced based on Plaintiff's failure to mitigate those damages.

6.     Plaintiff's claims may be barred in whole or in part by his own unclean hands and

unequitable conduct.

7.      Plaintiff's claims may be barred in whole or in part by statutory immunity granted pursuant to NMSA 1978 § 41-4-4, § 37-1-23, and/or § 21-28-7.

8.      No award of punitive damages can be made to Plaintiffs because:

   a.   Such an award of punitive damages would amount to a deprivation of Sandia's property without due process of law, in violation of the provisions of the United States and New Mexico Constitutions, and would otherwise violate due process.

   b.   No legislation has been passed authorizing punitive damages in civil actions such as this or placing any limit on the amount of punitive damages actually recoverable in such actions.

   c.   The criteria which would be used in determining whether punitive damages could be awarded are impermissibly vague, imprecise and inconsistent, and are therefore violative of the due process provisions of the United States and New Mexico Constitutions.

   d.   An award of punitive damages in this civil action would amount to an excessive fine, in violation of the provisions of the United States and New Mexico Constitutions.

   e.   An award of punitive damages that allows consideration of the relative financial positions of the parties is violative of the due process provisions of the United States and New Mexico Constitutions.

   f.   An award of punitive damages in this action would violate the equal protection clauses of the United States and New Mexico Constitutions and

would constitute cruel and unusual punishment in violation of the provisions of those constitutions.

9.      If Plaintiff was injured, which LDC expressly denies, Plaintiff cannot prove LDC intentionally, willfully, or wantonly caused any injury to Plaintiff.

LDC reserves the right to raise such further and additional defenses as may be available upon facts to be developed in discovery or applicable substantive law and to amend its Answer accordingly.

WHEREFORE, LDC prays that the Court dismiss the First Amended Complaint against it with prejudice and award LDC its reasonable costs, and such other, further relief as the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Alex Walker*
      Alex C. Walker (awalker@modrall.com)
      Timothy C. Holm (tholm@modrall.com)
      Post Office Box 2168
      Albuquerque, New Mexico  87103-2168
      Telephone: (505) 848-1800
      Facsimile: (505) 848-9710

*Attorneys for Lobo Development Corporation*

WE HEREBY CERTIFY that on the 24th day of January, 2020, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: _/s/ Alex Walker_
   Alex C. Walker

*W3670580.DOCX*