IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CALDWELL,

    **Plaintiff,**

vs.                                                  NO. 1:20-cv-00003 JB/JFR

UNIVERSITY OF NEW MEXICO BOARD OF
REGENTS, NASHA TORREZ,
EDDIE NUÑEZ,
LOBO DEVELOPMENT CORPORATION, and
ACC OP (UNM SOUTH) LLC,

    **Defendants.**

**DEFENDANT EDDIE NUÑEZ'S MOTION FOR JUDGMENT ON THE PLEADINGS[1]**

COMES NOW Defendant Eddie Nuñez, by and through his Counsel of Record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus), and hereby moves this Honorable Court for Judgment on the Pleadings. For his Motion, Mr. Nuñez STATES AS FOLLOWS:

**I. FACTUAL/PROCEDURAL BACKGROUND**

Plaintiff Joseph Caldwell brought the instant case on January 3, 2020, and filed his Amended Complaint as of right on January 13, 2020 [Doc. No. 10, filed January 13, 2020]. Plaintiff's Complaint, as amended, alleges that, as a consequence of reports that he had been involved with criminal activity, he was barred from campus, with certain exceptions, and suspended from UNM's basketball team. Plaintiff also alleges that he was evicted from his apartment in Lobo Village.

---

[1] Pursuant to D.N.M.LR.-Civ. 7.1, concurrence of counsel was sought prior to the filing of this Motion. Counsel of the interested parties were unable to come to an agreement regarding the relief requested, and Counsel for Plaintiff states that she opposes this Motion. As a result, this Motion is considered to be opposed.

The principal allegations of Plaintiff's Complaint, which are accepted as true for the purposes of the instant motion, are as follows: Plaintiff alleges that he signed with UNM to play basketball in April of 2019. Plaintiff's Amended Complaint, ⁋ 16. However, on or about December 16, 2019, the Albuquerque Police Department took a report of allegations of battery committed by Plaintiff. Id., ¶ 17. As a consequence, Plaintiff received an email on December 19, 2019 from UNM banning him from the campus, with a few exceptions. Id., ¶¶ 19-21. Further, that same evening, Plaintiff was called to a meeting at UNM and was told that he was banned from the basketball team. Id., ¶¶ 22-23. Plaintiff also alleges that he was evicted from his apartment at Lobo Village for violating his lease agreement by causing serious physical harm to another person. Id., ¶¶ 25-27 Plaintiff contends that these actions constituted a breach of contract, and that they violated his right to due process. The only well-pleaded facts alleged by Plaintiff against Eddie Nuñez are that Mr. Nuñez is UNM's athletic director (Id., ¶ 9), and that he called and ran the meeting at which Plaintiff was suspended from the basketball team (Id., ¶¶ 22-23). Therefore, Plaintiff's cause of action against Mr. Nuñez is limited to his suspension from the team: if the suspension is not actionable, Plaintiff cannot state a claim against Mr. Nuñez.

Plaintiff's Complaint, as amended, contains two causes of action: Count I -- alleged Due Process Violations (against all Defendants), and Count II -- alleged Breach of Contract (against UNM, Lobo Development Corporation, and ACC OP (UNM South, L.L.C.). Therefore, the only cause of action against Mr. Nuñez is the claim for Due Process. However, as set forth below, Plaintiff's claim against Mr. Nuñez must fail because Mr. Nuñez is protected by qualified immunity. Plaintiff has no protected liberty or property interest in playing basketball for UNM, so he has no constitutional right to do so, and even if Plaintiff had such a right, it is not clearly established. Accordingly, Plaintiff's cause of action against Mr. Nuñez should be dismissed.

## II.  STANDARD OF REVIEW

The instant motion is the equivalent of a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6).  While, "[n]ormally a motion to dismiss for failure to state a claim upon which relief can be granted should be made prior to filing the answer or in the answer itself," a defendant can accomplish the same end after an answer is filed by filing a Motion for Judgment on the Pleadings.  Jacobsen v. Deseret Book Co., 287 F.3d 936, 941, n.2 (10th Cir. 2002).  The standards of review for these two types of motion are identical.  Id. When evaluating a Motion to Dismiss for failure to state a claim or a Motion for Judgment of Dismissal on the Pleadings, the court assumes the truth of all well-pleaded facts in the complaint, and draws reasonable inferences therefrom in the light most favorable to the plaintiff. *See* Dias v. City and County of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009).  This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).

In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). Smith v. United States, 561 F.3d 1090, 1098 (10th Cir.2009) (quotation marks and citation omitted), *cert. denied,* 130 S.Ct. 1142, 175 L.Ed.2d 973 (2010).

The Supreme Court has clarified the Rule 12 standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' " *Id.* at 1247 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins

3

v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556).

In analyzing the sufficiency of a complaint's allegations, courts look to two Supreme Court decisions, Twombly and Iqbal, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted. In Twombly, the Supreme Court considered a class action complaint alleging a conspiracy to restrain trade by communication carriers. 550 U.S. at 548-51. As previously noted, it held a complaint's "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. The Twombly Court explained this "does not impose a probability requirement at the pleading stage," but "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" misconduct required for relief. Id. at 556. As a result, the Court pointed out the complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). It concluded a "bare assertion" of the elements required to make a claim is not enough, but a claim needs "some further factual enhancement" to get it from "possibility" to the requisite "plausibility" required for relief. Id. at 556-57.

In the instant case, based on the facts alleged in Plaintiff's Complaint, Plaintiff has not stated a plausible claim that Mr. Nuñez violated his right to due process, and has certainly not

4

stated a plausible claim that Mr. Nuñez violated his clearly established rights. Accordingly, Mr. Nuñez is entitled to a judgment on the pleadings as to Plaintiff's Complaint.

### III. NUÑEZ IS ENTITLED TO JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF's FIRST CAUSE OF ACTION, FOR ALLEGED VIOLATION OF DUE PROCESS

**a. Plaintiff's Allegations do not Support his Claim that Romero Violated his Right to Due Process**

Moreover, Plaintiff has not stated facts that, if true, would demonstrate that Mr. Nuñez violated his right to Due Process. While Plaintiff has merely stated one cause of action for alleged Due Process violations, he claims violations of both substantive and procedural Due Process. However, assuming the well-pleaded facts of the Complaint to be true, Plaintiff has not stated a claim for either variety of due process violation.

Plaintiff certainly has not stated a claim for substantive due process. Mr. Nuñez's alleged action, that of suspending Plaintiff from the basketball team, was an executive or administrative action, rather than a legislative act. In order to state a claim for damages against an official for a substantive due process violation, a plaintiff must sustain an even higher burden than he would if he just sought to declare a statute unconstitutional. Indeed, a plaintiff must show that such behavior "shocks the conscience." County of Sacramento, 523 U.S. at 846-47. This is the case even if the alleged behavior implicated a fundamental right, such as the right to life. Id. Thus, the burden required of a plaintiff seeking damages for supposed substantive due process violations is very high. For instance, the Supreme Court has held that a law enforcement officer who killed a passenger in the course of a police chase did not violate the bystander's right to substantive due process, even if the police had acted in a reckless, deliberately indifferent manner. Id. at 848-854. Moreover, the Fifth Circuit has held that the attachment of electrodes to a prisoner's genitalia, as part of a therapy for sex offenders, did not shock the conscience. Coleman v. Dretke, 395 F.3d

5

216 (5th Cir. 2004). If the acts described in County of Sacramento and Coleman did not shock the conscience, then the argument that the conscience is shocked by the discretionary act of suspending a college basketball player strains credibility.

Further, Plaintiff has not stated a claim for violation of procedural due process against Mr. Nuñez. Plaintiff claimed that, by suspending him from the basketball team without a hearing, UNM violated his right to procedural due process. However, in order to state a claim that for such a violation, a plaintiff must allege facts that, if true, show that he was deprived of a liberty or property interest. Lauck v. Campbell County, 627 F.3d 805, 811 (10th Cir. 2010). Plaintiff's Complaint against Mr. Nuñez is that he suspended Plaintiff from the basketball team. There is no liberty or property interest in the ability to play interscholastic sports. Albach v. Odle, 531 F.2d 983 (10th Cir. 1976); Okla. High Sch. Athletic Ass'n v. Bray, 321 F.2d 269 (10th Cir. 1963); Colo. Seminary (Univ. of Denver) v. Nat. Collegiate Athletic Ass'n, 417 F. Supp. 885, 894-97 (D. Colo. 1976), affirmed Colo. Seminary (Univ. of Denver) v. Nat. Collegiate Athletic Ass'n, 570 F.2d 320 (10th Cir. 1978). Because there is no liberty or property interest in playing interscholastic athletics, Plaintiff cannot state a claim for violation for procedural due process against Mr. Nuñez.

### d. Romero is Protected by Qualified Immunity

Finally, even assuming, *ad arguendo*, that Plaintiff has stated a plausible claim that Mr. Nuñez committed a constitutional violation, he is still entitled to qualified immunity. When targeted by an action brought under 42 U.S.C. § 1983, a government official can assert the defense of qualified immunity. When acting in the scope of their duties, "officials 'are shielded from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Davis v. Scherer, 468 U.S. 183, 191, 104 S. Ct. 3012, 3017 (1984), citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727,

2739 (1982). While the Harlow court agreed that *absolute* immunity is generally inappropriate, it stated that

> [a]t the same time, however, it cannot be disputed seriously that claims frequently run against the innocent as well as the guilty – at a cost not only to the defendant officials, but to society as a whole. These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.

457 U.S. at 818.

Accordingly, the doctrine of qualified immunity has evolved, and requires that, for liability to attach to an official act, the act must not only violate one of a person's rights, but "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987).

Thus, a public official sued for supposed violation of the plaintiff's constitutional rights may "challenge the complaint under Fed. R. Civ. P. Rule 12(b)(6) on the ground that he or she is entitled to qualified immunity because the pleaded facts failed to show that his or her conduct violated clearly established law of which a reasonable person would have known." Pueblo Neighborhood Health Ctrs. v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988). Moreover, "the plaintiff carries the burden of convincing the court that the law was clearly established." Id. at 645. Thus, in order to state a claim against Mr. Nuñez, Plaintiff must not only show that he had a right to play intercollegiate sports, but that he had a clearly established right to do so. For this purpose, a law is only "clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains." Harman v. Pollock, 586 F.3d 1254, 1261 (10th Cir. 2009). Further, in

meeting this burden "a plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it."

In the instant case, there is no Tenth Circuit or Supreme Court case that would indicate that Plaintiff had a constitutionally protected liberty or property interest in playing intercollegiate sports. In fact, as noted above, the relevant case law demonstrates that Plaintiff does not have such a liberty or property interest. Accordingly, Mr. Nuñez is entitled to qualified immunity.

### V.  CONCLUSION

Plaintiff's cause of action against Eddie Nuñez under 42 U.S.C. § 1983, for alleged violation of his due process rights, is barred by the fact that Plaintiff failed to allege an action on the part of Mr. Nuñez that shocks the conscience, and by the fact that Plaintiff has not alleged a deprivation of a liberty or property interest. Accordingly, Defendant Eddie Nuñez respectfully requests that this Honorable Court grant him judgment on the pleadings as to the above styled cause.

Respectfully Submitted,

PARK & ASSOCIATES, LLC
    /s/ Lawrence M. Marcus
Alfred A. Park
Lawrence M. Marcus
*Attorney for Defendants Board of Regents of the University of New Mexico, Eddie Nuñez, and Nasha Torrez*
3840 Masthead St.
Albuquerque, NM  87109
(505) 246-2805

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF filing system to all counsel of record on this   14th   day of February 2020 .

/s/ Lawrence M. Marcus
Lawrence M. Marcus