IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CALDWELL,

    **Plaintiff,**

vs.                                  NO. 1:20-cv-00003 JB/JFR

UNIVERSITY OF NEW MEXICO BOARD OF
REGENTS, NASHA TORREZ,
EDDIE NUÑEZ,
LOBO DEVELOPMENT CORPORATION, and
ACC OP (UNM SOUTH) LLC,

    **Defendants.**

## DEFENDANT EDDIE NUÑEZ'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant Eddie Nuñez, by and through his Counsel of Record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus), and hereby files this Reply Brief in Support of his Motion for Judgment on the Pleadings. For his Reply, Mr. Nuñez STATES AS FOLLOWS:

## I. PLAINTIFF HAS NOT DISPUTED THAT HE HAS NO LIBERTY OR PROPERTY INTEREST IN PLAYING COLLEGE ATHLETICS

Mr. Nuñez is entitled to a judgment as a matter of law, because Plaintiff has not disputed that his Complaint does not allege that Mr. Nuñez violated any of his liberty or property interests. Lauck v. Campbell County, 627 F.3d 805, 811 (10th Cir. 2010) (In order to state a claim for such a violation, a plaintiff must allege facts that, if true, show that he was deprived of a liberty or property interest.) Plaintiff's Complaint against Mr. Nuñez is that he suspended Plaintiff from the basketball team. There is no liberty or property interest in the ability to play interscholastic sports. Albach v. Odle, 531 F.2d 983 (10th Cir. 1976); Okla. High Sch. Athletic Ass'n v. Bray, 321 F.2d

269 (10th Cir. 1963); Colo. Seminary (Univ. of Denver) v. Nat. Collegiate Athletic Ass'n, 417 F. Supp. 885, 894-97 (D. Colo. 1976), affirmed Colo. Seminary (Univ. of Denver) v. Nat. Collegiate Athletic Ass'n, 570 F.2d 320 (10th Cir. 1978).  There is certainly no case law that would show that the ability to play interscholastic sports is a clearly established right, as is required for a plaintiff to overcome a government official's qualified immunity. *See, e.g.,* Pueblo Neighborhood Health Ctrs. v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988).

Significantly, Plaintiff does not dispute this conclusion. Rather, in his Response, Plaintiff attempts to shift his analysis from his suspension from the basketball team to his ban from campus. However, Plaintiff still has not demonstrated that he has stated a claim against Mr. Nuñez, because he has not alleged any facts that allow for the reasonable inference that Mr. Nuñez was involved with his suspension from campus. Accordingly, Mr. Nuñez is entitled to judgment on the pleadings.

## II.  PLAINTIFF'S COMPLAINT DOES NOT ALLEGE THAT MR. NUÑEZ WAS INVOLVED WITH HIS SUSPENSION FROM CAMPUS

Having essentially conceded that he does not have a liberty interest in being a member of the basketball team, Plaintiff now claims that Mr. Nuñez was involved with the decision to bar him from campus. However, Plaintiff's cause of action against Mr. Nuñez must fail on those grounds, as well. In his Complaint, Plaintiff notes that, at the meeting chaired by Mr. Nuñez, he was reminded that he was suspended from campus, a fact of which he was already informed. However, it does not follow that Mr. Nuñez was responsible for the campus ban. "Individual liability under Section 1983 must be based on personal involvement in the alleged constitutional violation." Corona v. City of Clovis, 406 F. Supp. 1187, 1204 (D.N.M. 2019), citing Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Plaintiff's Complaint contains no direct allegation or reasonable inference that Mr. Nuñez was involved with the decision to ban Plaintiff from

campus.

      First, Plaintiff's complaint notes that Mr. Nuñez is the athletic director at UNM. First Amended Complaint for Injunctive Relief and Damages, ("Complaint") ¶ 9. It is not reasonable to infer that the athletic director has any control over any other aspects of student life. Second, Plaintiff's Complaint contains several allegations that, if true, would demonstrate that the campus ban was instituted by individuals other than Mr. Nuñez. Plaintiff alleges that he initially received an email from Nasha Torrez stating that he was subject to an interim ban from campus. Complaint, ¶ 19. Further, the email noted that the matter was under the jurisdiction of the Office of Equal Opportunity. Id., ¶ 20. While Plaintiff was reminded later that evening, at a meeting chaired by Mr. Nuñez, that he was temporarily banned from campus, this was merely a restatement of something he already knew. Id., ¶ 22-23. Moreover, the Complaint contains no facts stating that Mr. Nuñez was involved with this decision in any way. When Plaintiff met with Ms. Torrez, he was informed that the decision had been made by the Student Conduct Officer, an employee in her office. Id., ¶¶ 40-41. Finally, Plaintiff notes in his Complaint that authority for an interim ban from campus can be imposed by the Dean of Students, pursuant to Section 4.3 of the UNM Student Grievance Procedure. Id., ¶ 39.

      This procedure states that "[t[he Dean of Students may immediately suspend a student (or chartered student organization) and/or ban a student or visitor if the Dean concludes that the person's continued presence on the campus may endanger persons or property or may threaten disruption of the academic process or other campus functions." Student Grievance Procedure, from The Pathfinder – UNM Student Handbook, attached hereto as Exh. A, § 4.3. While the Grievance Procedure is outside of the Complaint, it was cited in the Complaint, so it is appropriate for this Court to consider it in evaluating the instant Motion for Judgment on the Pleadings. This is

consistent with Plaintiff's allegation that the office of Dean of Students made the decision, and also indicates that such an action, if it actually occurred, was proper under UNM procedures. Section 4.3 does not provide for the participation of the athletic director in this decision. Significantly, there is no allegation in the Complaint, or evidence in documents cited in the complaint, that would give rise to a reasonable inference that Mr. Nuñez had any involvement in the interim ban from campus to which Plaintiff alleges he was subjected. Accordingly, Mr. Nuñez is entitled to judgment on the pleadings.

## V.  CONCLUSION

Plaintiff has failed to contest that he had no liberty or property interest in participation in UNM's basketball team. Moreover, he has failed to argue that he has stated a claim against Mr. Nuñez based on his interim ban from campus. Accordingly, Defendant Eddie Nuñez respectfully requests that this Honorable Court grant him judgment on the pleadings as to the above styled cause.

Respectfully Submitted,

PARK & ASSOCIATES, LLC

/s/ Lawrence M. Marcus
Alfred A. Park
Lawrence M. Marcus
*Attorney for Defendants Board of Regents of the UNM, Eddie Nuñez, and Nasha Torrez*
3840 Masthead St.
Albuquerque, NM  87109
(505) 246-2805

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF filing system to all counsel of record on this    18th    day of March 2020 .

/s/ Lawrence M. Marcus
Lawrence M. Marcus